UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EVANS OBIRIA OBEGI,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26cv875 DRL-SJF |

OPINION AND ORDER

Immigration detainee Evans Obiria Obegi, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is being unlawfully detained in violation of the laws or Constitution of the United States. The Warden filed a response, and Mr. Obegi filed a reply. The petition is ready to be decided.

Mr. Obegi is a native and citizen of Kenya who was admitted into the United States in 2004 on a non-immigrant F-1 visa [7-1]. His status was later adjusted to conditional resident. On August 6, 2013, he filed a Petition to Remove Conditions of Residence, which was later denied due to abandonment after he failed to provide information related to his marriage and prior arrests. On February 20, 2025, Mr. Obegi was arrested by Delaware State Police and charged with harassment and disorderly conduct. On January 3, 2026, he was arrested by agents of United States Immigration and Customs Enforcement (ICE) pursuant to an administrative warrant and issued a notice to appear.

On March 24, 2026, an immigration judge ordered Mr. Obegi to be removed to Kenya. Mr. Obegi appealed that order to the Board of Immigration Appeals (BIA), and this appeal

is pending. The Warden asserts Mr. Obegi is currently detained under 8 U.S.C. § 1226(a), so is eligible for a custody redetermination hearing, but he has not yet requested a custody redetermination hearing before an immigration judge.

Mr. Obegi is currently detained at Miami Correctional Facility. On June 16, 2026, he filed this habeas petition arguing his continued detention violates his due process rights. He asks the court to order his immediate release from custody or, alternatively, order a custody redetermination hearing before an immigration judge under 8 U.S.C. § 1226(a). The court entered an order to show cause, noting it was "unclear if [Mr. Obegi] filed a motion for custody redetermination by an immigration judge" [4].

In his response, the Warden argues this habeas petition should be dismissed because Mr. Obegi did not exhaust his available administrative remedies before filing this petition, as he has not yet requested custody redetermination before an immigration judge. In his reply, Mr. Obegi asserts that an immigration judge refused to give him a bond hearing stating that even if petitioner gets one, he can't qualify because of his criminal history. He alternatively argues that he was denied a chance to explain to an immigration judge why he should be released on bond.

The Attorney General has delegated his discretion under § 1226(a) to release a noncitizen from detention during removal proceedings by regulation—first, to specified immigration officers who may "release an alien not described in [§ 1226(c)(1) (regarding criminal aliens)], under [bond or conditional parole]; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R.

§§ 236.1(c)(8), 1236.1(c)(8). That is called an initial custody determination. After that initial custody determination, a noncitizen may apply to an immigration judge for a custody redetermination, and the immigration judge is authorized to exercise the authority in § 1226 "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also* 8 C.F.R. § 1003.19 (detailing procedures for custody or bond redeterminations by an immigration judge). When a noncitizen files this motion, an immigration judge, under immigration court rules, must "in general" schedule a "hearing for the earliest possible date," though in "limited circumstances" the immigration judge may rule on a bond redetermination request without a hearing. Immig. Ct. Practice Manual § 8.3(d). A noncitizen may request a second custody redetermination before an immigration judge, but a hearing will only be granted if the noncitizen shows materially changed circumstances. 8 C.F.R. § 1003.19(e). A noncitizen may appeal a decision relating to bond and custody determinations to the Board of Immigration Appeals. 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3).

The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992). But where "exhaustion of administrative remedies is not statutorily mandated," "sound judicial discretion governs" whether it must be accomplished. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). In exercising discretion whether to depart from the general rule, the court considers "the nature of the claim presented and the characteristics of the particular administrative procedure provided," *McCarthy*, 503 U.S. at 146, always cognizant that "individual interests demand that exhaustion be excused" when:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016 (quoting *Iddir v. INS,* 301 F.3d 492, 498 (7th Cir. 2002)).

Here, Mr. Obegi is asking the court to order a custody redetermination hearing before an immigration judge. But there is no evidence he has exhausted his available remedy of requesting a custody redetermination before an immigration judge. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 1003.19. The immigration regulations provide that a noncitizen like Mr. Obegi may request a custody redetermination before an immigration judge "at any time" before his removal order becomes final, meaning this remedy still is available to him. *See* 8 C.F.R. § 236.1(d)(1). He need only submit an "[a]pplication for an initial bond redetermination . . . orally, in writing, or, at the discretion of the Immigration Judge, by telephone," to "the Immigration Court having jurisdiction over the place of detention." 8 C.F.R. § 1003.19(b)-(c). Though Mr. Obegi states an immigration judge "refused" to give him a bond hearing, he does not provide any evidence disputing the Warden's assertion that he has never followed the procedures to request a custody redetermination hearing.[1] Moreover, even assuming Mr. Obegi requested a custody redetermination and the immigration judge refused his request or denied bond based on his criminal history, he does

[1] The Warden asserts Mr. Obegi is detained under § 1226(a) and is eligible for a custody redetermination hearing. The court has no reason to doubt the veracity of this representation, made by an officer of the court, and principles of judicial estoppel would limit the government's ability to advance a different position in immigration court. *See* *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006).

not assert, and the record does not show, that he appealed that decision to the BIA. *See* 8 C.F.R. § 1003.19(f). His assertion that he was denied an opportunity to explain why he should be released likewise concerns an alleged error he could raise through that administrative appeal. Thus, even accepting his account, he has not exhausted his available administrative remedies. And he does not argue, and the record does not reflect, that any of the four criteria which "demand that exhaustion be excused" discussed in *Gonzalez* are present here. *See Gonzalez*, 355 F.3d at 1016. Therefore, he should exhaust his available remedy of requesting custody redetermination before an immigration judge (and, if necessary, appealing the immigration judge's decision on custody redetermination to the BIA) before he brings his claims to this court. Accordingly, Mr. Obegi's petition for writ of habeas corpus will be dismissed without prejudice to permit him to exhaust his available administrative remedies.

For these reasons, the court DISMISSES WITHOUT PREJUDICE the petition for a writ of habeas corpus [2].

SO ORDERED.

October 5, 2026

*s/ Damon R. Leichty*
Judge, United States District Court